# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-20596
Summary Calendar

CHARLOTTE CARROLL

Plaintiff-Appellant

v.

HOMECOMINGS FINANCIAL NETWORK; OPTION ONE MORTGAGE
CORPORATION

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
4:07-MC-82

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charlotte Carroll filed an application for anticipatory relief under the Servicemembers Civil Relief Act ("SCRA"). The district court denied Carroll's application, and Carroll now appeals. For the following reasons, we AFFIRM the district court's order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The SCRA gives courts discretion to grant servicemembers relief from certain contracts entered into prior to their military service. 50 App. U.S.C. § 591. Carroll, an Army reservist, filed an application for relief from her obligations under mortgage contracts with Option One Mortgage Corporation ("Option One") and Homecomings Financial Network ("Homecomings"). The district court docketed the filing as an application for "Other Miscellaneous Relief" on the miscellaneous docket.

The district court held an initial hearing with Carroll, during which the court instructed Carroll to contact her creditors regarding the application. The district court subsequently held four additional conferences and heard arguments from Carroll and representatives of Option One and Homecomings. During the third conference, the district court instructed Carroll to provide previously-requested financial information by the fourth conference on June 29, 2006, or the court was "going to have to consider a sanction." Carroll sent the financial information on the morning of June 29, 2006. During the fourth conference, the court heard arguments on both the timing of the requested information and the merits of Carroll's application, and then advised Carroll that the court was "going to have to deny the relief [she was] requesting." The court subsequently entered a "Memorandum and Order" denying Carroll's application for discretionary relief under the SCRA.

The current dispute centers on the characterization of this final action. Carroll contends that the district court dismissed her case via sanctions. As such, Carroll contends that the court abused its discretion by not imposing lesser sanctions prior to dismissal. See, e.g., Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 898 (5th Cir. 1997) (explaining that "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim").

However, Carroll incorrectly characterizes the district court's action. The court's order did not in fact dismiss Carroll's case—no case was ever filed. Rather, Carroll filed an application for discretionary relief that was set on the miscellaneous docket. Matters filed on the miscellaneous docket are "ancillary and supplementary proceedings not defined as civil actions." Matter of Search of 4330 North 35th Street, Milwaukee, Wisconsin, 142 F.R.D. 161, 163–64 (E.D. Wis. 1992) (citations omitted). Moreover, no sanctions were ever imposed. After the court mentioned the possibility of sanctions during the third conference, sanctions were never discussed again. The Order did identify Carroll's "prior unwillingness to provide financial information" as one factor in the court's decision to deny Carroll's application, but this was never referred to as a sanction.

Thus, it is incorrect to characterize this matter as a dismissal based on sanctions. Although the district court may have contributed to the confusion by periodically referring to "dismissal" and unnecessarily entering a subsequent "Final Judgment," the overall posture of the case is clear: Carroll filed a solitary application for Other Miscellaneous Relief, which the district court denied following several hearings on the merits. Accordingly, Carroll's present arguments and supporting authorities—which address the extreme sanction of dismissal in the context of a civil case—are inapposite. Carroll is in fact appealing the denial of her application for discretionary relief.

Under the anticipatory-relief provision of the SCRA, an applicant is entitled to one noticed hearing to show that her ability to meet her obligations "has been materially affected by reason of military service." 50 App. U.S.C. § 591. The court then has discretion to grant relief. Id. Here, Carroll received at least five hearings on the merits, after which the court exercised its discretion and denied Carroll's application. Because Carroll makes no arguments as to

how the denial of her application was an abuse of discretion, the district court's Memorandum and Order is AFFIRMED.